| | |
|---|---|
| 1 | HEATHER E. WILLIAMS, CA Bar #122664<br>Federal Defender |
| 2 | REED GRANTHAM, CA Bar #294171<br>Assistant Federal Defender |
| 3 | Office of the Federal Defender<br>2300 Tulare Street, Suite 330 |
| 4 | Fresno, CA 93721-2226<br>Telephone: (559) 487-5561 |
| 5 | Fax: (559) 487-5950 |
| 6 | Attorneys for Defendant<br>CARLOS BOBADILLA |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:23-mj-00056-SKO |
| Plaintiff, | STIPULATION TO MODIFY CONDITION OF PRETRIAL RELEASE; ORDER |
| vs. | |
| CARLOS BOBADILLA, | |
| Defendant. | |

IT IS HEREBY STIPULATED, by and between the parties, through their respective counsel, Assistant United States Attorney Antonio Pataca, counsel for plaintiff, and Assistant Federal Defender Reed Grantham, counsel for defendant Carlos Bobadilla, that the Court modify Mr. Bobadilla's conditions of pretrial release, initially imposed on May 26, 2023. *See* Dkt. #10, #12-13. Specifically, it is requested that the Court remove current Condition (7)(l) and (m) of Mr. Bobadilla's conditions of pretrial release, and that the Court impose a new Condition (7)(l) which will state as follows:

> The defendant must participate in the following Location Monitoring program component and abide by all the requirements of the program, which will include having a location monitoring unit installed in your residence and a radio frequency transmitter device attached to your person. You must comply with all

instructions for the use and operation of said devices as given to you by the Pretrial Services Agency and employees of the monitoring company. You must pay all or part of the costs of the program based upon your ability to pay as determined by the pretrial services officer. CURFEW: You are restricted to your residence every day from 9:00 p.m. to 6:00 a.m., or as adjusted by the Pretrial Services office or supervising officer, for medical, religious services, employment, or court-ordered obligations.

Mr. Bobadilla made his initial appearance before this Court on May 19, 2023. *See* Dkt. #4. A detention hearing was held on May 26, 2023, and Mr. Bobadilla was released on conditions the same day. *See* Dkt. #10. During the detention hearing, the parties and the Court discussed imposing a location monitoring condition, however, at the time, undersigned counsel, after having discussed the matter with Mr. Bobadilla, advised that because of Mr. Bobadilla's medical condition—Stage 5 kidney disease—he would often experience swelling in his feet and legs, which might make the imposition of a location monitoring condition difficult and/or ineffective.

Instead, at the detention hearing, the Court imposed Condition (7)(l), which provided that Mr. Bobadilla: "[E]xecute a bond or an agreement to forfeit upon failing to appear or failure to abide by any of the conditions of release, the following sum of money or designated property: a $75,000 property bond in property owned by the defendant's mother." Dkt. #12 at 2. Condition (7)(m) further specified that Mr. Bobadilla "post the property bond no later than June 30, 2023." Dkt. #12 at 2.

Since May 26, 2023, undersigned counsel has been working with Mr. Bobadilla and Mr. Bobadilla's mother to post the equity in the property she owns. However, undersigned counsel has come to understand that the property owned by Mr. Bobadilla's mother, while owned outright by her, is encumbered with approximately $40,000 in liens, and as such, cannot be used as collateral in this case. In addition, Mr. Bobadilla has advised that as a result of his regular dialysis treatments that are now taking place three days per week, he no longer experiences the same swelling in his feet and legs as he did prior to receiving dialysis.

On June 26, 2023, undersigned counsel informed government counsel of the issue with Mr. Bobadilla's mother's property, and further advised of Mr. Bobadilla's stated difference with

respect to swelling in his feet and legs as a result of regular dialysis treatments, and asked if the government would oppose removing the previously imposed property bond condition—Condition (7)(l) and (m)—and replacing it with a condition requiring location monitoring, as set forth above. The government indicates that it does not oppose the modification. Likewise, Mr. Bobadilla's Pretrial Services Officer, Anthony Perez, was contacted regarding the proposed modification and indicates that he does not oppose the modification proposed herein. In addition, Officer Perez indicates that Mr. Bobadilla has been in compliance with the terms and conditions of his pretrial release to this point, and notes that Pretrial Services can have an officer available to install the location monitoring equipment on July 6, 2023.

      Accordingly, the parties, including Pretrial Services, hereby stipulate and agree to remove current Condition (7)(l) and (m) and to replace it with a new Condition (7)(l), as set forth above, that would impose location monitoring on Mr. Bobadilla as a condition of his pretrial release. All other terms and conditions of Mr. Bobadilla's pretrial release, previously imposed, shall remain in full force and effect.

Respectfully submitted,

PHILLIP A. TALBERT
United States Attorney

Dated: June 27, 2023

*/s/ Antonio Pataca*
ANTONIO PATACA
Assistant United States Attorney
Attorney for Plaintiff


HEATHER E. WILLIAMS
Federal Defender

Date: June 27, 2023

*/s/ Reed Grantham*
REED GRANTHAM
Assistant Federal Defender
Attorney for Defendant
CARLOS BOBADILLA

## O R D E R

IT IS SO ORDERED. The Court hereby removes current Condition (7)(l) and (m) and replaces it with a new Condition (7)(l), as set forth above, that imposes location monitoring on Mr. Bobadilla as a condition of his pretrial release. All other conditions previously imposed remain in full force and effect.

DATED: 6/28/2023

*Sheila K. Oberto*
HON. SHEILA K. OBERTO
United States Magistrate Judge